IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROSIE HOPKINS                                                                                           PLAINTIFF

v.                                         No. 4:05CV00873 JLH

STATE OF ARKANSAS and its AGENCY
THE ARKANSAS DEPARTMENT OF
COMMUNITY CORRECTION; and
DAVID GUNTHARP, in His Official Capacity                                      DEFENDANTS

**OPINION AND ORDER**

Rosie Hopkins was formerly a probation/parole officer employed in the Magnolia office of the Arkansas Department of Community Correction. She began her employment on August 18, 2003, and was discharged on December 29, 2004. She alleges that she was subjected to discrimination because of her race, sex, religion, and her previous filing of EEOC charges. She also alleges that she was subjected to harassment. The defendants have filed a motion for summary judgment. Hopkins has filed her response. The defendants' motion for summary judgment will be granted.

**I.**

A court should enter summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-

23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. If the moving party meets this burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting FED. R. CIV. P. 56(e)). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. In deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party and draws all inferences in his favor, mindful that summary judgment seldom should be granted in discrimination cases where claims are often based on inferences. *Peterson v. Scott County*, 406 F.3d 515, 520 (8th Cir. 2005); *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000) (collecting cases). *But see Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 762 (8th Cir. 2004) (Arnold, J., dissenting).

**II.**

To establish a *prima facie* case of employment discrimination, Hopkins must show that (1) she was a member of a protected group; (2) she was meeting the legitimate expectations of her employer; (3) she suffered an adverse employment action; and (4) similarly situated employees who were not members of the protected group were treated differently. *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000). It is undisputed that Hopkins was a member of a protected group inasmuch as she is an African American and a female. It is undisputed that she suffered an adverse employment action inasmuch as she was discharged from her job.

The defendants argue that the undisputed facts show that she was not meeting the legitimate

expectations of her employer. In support of that argument, the defendants have offered the declaration of Richard McKinnon, the declaration of Curtis Lewis, a corrective action plan, a series of e-mails and other records. McKinnon and Lewis were two of the supervisors under whom Hopkins worked while she was employed by the Department of Community Correction. McKinnon wrote a memorandum dated November 3, 2004, to Rudolph Stennis, the area manager, regarding Hopkins. The memorandum states, in part:

> Ms. Hopkins has refused to comply with the directive of improving the relationship between herself and her co-workers. In speaking with the entire staff assigned to the Magnolia office, I am informed that these workers, without exception, describe a *very* hostile environment as this relates to working in the office. They have described, and I have observed, the total alienation of Ms. Hopkins from the rest of the staff. I might inject here that it is my opinion that this is with the promotion of Ms. Hopkins to further create disharmony within the office. My conclusion is that Ms. Hopkins has consistently and with intent, caused the moral [sic] as well as the ability to work effectively to drop to a level that has caused the other workers to re-evaluate their continued employment with this agency. This, in my opinion, will have devastating effects on the Magnolia office in it's [sic] overall operation. I feel that Ms. Hopkins has failed miserably in improving the working relationship with the co-workers in this office.

McKinnon says that Hopkins was suspended without pay by Stennis on November 8, 2004. When she returned from her suspension, "her performance did not improve and she continued to maintain a hostile and defiant attitude toward her fellow employees in the Magnolia office as well as her supervisors." McKinnon says that Hopkins was discharged on November 29, 2004, because of her consistently poor work performance and her antagonistic attitude toward others.

Lewis reiterates many of the same statements that were in McKinnon's declaration. He, like McKinnon, says:

> It was my opinion in December 2004 and it is my opinion today, that Ms. Hopkins' termination was necessary to improve the overall work performance and employee morale in the Magnolia office. Ms. Hopkins' failure to perform her job duties at an

acceptable level and her inability to get along with others had become a significant hindrance in the Magnolia office's ability to function properly.

Both McKinnon and Lewis state in their declarations, "Ms. Hopkins was disciplined and terminated solely on her job performance and attitude.  Her race and gender were never factors in the employment decisions of [the Department of Community Correction]."

Although Hopkins has filed a response to the motion for summary judgment in which she denies the statements by McKinnon and Lewis, she has presented no affidavits or other evidence to contradict the declarations of McKinnon and Lewis.  Rule 56(e) of the Federal Rules of Civil Procedure provides, in pertinent part, "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  In other words, in the oft-repeated adage, when the moving party has met its initial burden under Rule 56, the nonmoving party must meet proof with proof, and if the nonmoving party fails to do so, summary judgment, if appropriate, must be entered.  *See Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356.

Here, the declarations of McKinnon and Lewis establish that Hopkins was not meeting the legitimate expectations of the employer.  Although Hopkins denies that proposition, she has not met proof with proof.  She has not complied with Rule 56(e) and provided affidavits or other evidence setting forth specific facts showing that there is a genuine issue for trial.  Because she has not responded with evidence showing a genuine issue for trial, summary judgment must be entered

against her.

To establish a *prima facie* case of retaliation, Hopkins must demonstrate that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity. *Peterson v. Scott County*, 406 F.3d 515, 524 (8th Cir. 2005). If she meets this burden, the defendants must rebut the *prima facie* case by presenting a legitimate, nonretaliatory reason for the adverse employment action. *Id.* If the defendants make this showing, Hopkins must then establish by a preponderance of the evidence that the defendants' proffered reason was a pretext and that the real reason for the decision was to retaliate against her for engaging in protected activity. *See E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 773 (8th Cir. 2003).

The defendants concede that Hopkins engaged in statutorily protected activity on August 25, 2004, when she filed a charge of discrimination with the EEOC. They also agree that she suffered an adverse employment action when she was later disciplined and eventually discharged. They deny that she can establish a causal connection between the August 2004 EEOC charge and the disciplinary action taken against her two months later or her termination four months later. Finally, the defendants argue that they have shown that she was discharged for a legitimate, nonretaliatory reason – her poor work performance and her insubordination – and she has provided no admissible evidence to the contrary.

As the Court has said above, the declarations of McKinnon and Lewis establish that Hopkins was not meeting the legitimate expectations of her employer, and that the employer had legitimate, nondiscriminatory reasons for discharging her. Hopkins denies those statements, but she has provided no evidence in the way of affidavits or otherwise to contradict them. She has not met proof

with proof. Therefore, summary judgment will also be granted on her claim of retaliation.

Hopkins's next claim is for harassment or for a hostile work environment. On that claim, Hopkins must prove that (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) the alleged harassment and her protected group status was causally connected; and (4) the alleged harassment affected a term, condition, or privilege of her employment. *Gordon v. Shafer Contracting Co.*, 469 F.3d 1191, 1194-95 (8th Cir. 2006).

The defendants have attached to their motion for summary judgment excerpts from Hopkins's deposition. Hopkins testified that different co-workers made comments about her age and sex. She testified that a counselor in drug court, Tracy Terwilliger, said, "They should have never hired you, you're too young for this job." She testified that Jennifer White, who was a drug court/probation officer administrative assistant, told her that it smelled like she had Enfamil on her breath. Another probation officer, E.B. Arrington, referred to her as a little girl. On one occasion, she was playing religious music and was told to turn it off.

These actions fall far short of what would be necessary to show that Hopkins was subjected to harassment so severe as to alter the terms and conditions of her employment. *See Bainbridge*, 378 F.3d at 759-60. Although Hopkins alleged in her complaint that she was sexually assaulted by a co-worker, she has offered no evidence so stating. The evidence is insufficient as a matter of law to show that Hopkins was subjected to harassment so severe as to alter the terms and conditions of her employment. Therefore, summary judgment will be entered on Hopkins's claim of harassment.

## CONCLUSION

The defendants have demonstrated the absence of a genuine issue of material fact. Hopkins has failed to meet proof with proof. She has not presented evidence setting forth specific facts

establishing a *prima facie* case on her claims or demonstrating that the defendants' stated reason for her discharge was a pretext for discrimination or retaliation.  Therefore, summary judgment will be entered in favor of the defendants on all claims.

    IT IS SO ORDERED this 12th day of October, 2007.

                                                      */s/ J. Leon Holmes*
                                                      J. LEON HOLMES
                                                      UNITED STATES DISTRICT JUDGE